UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM JEWETT, JR.<br>      Petitioner, | )<br>)<br>)<br>) |  |
| v. | ) | Civil Action No. 05-11849-GAO |
| BERNARD BRADY<br>      Respondent. | )<br>)<br>)<br>)<br>) |  |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner William Jewett, Jr.

1. Admitted. Further answering, the respondent states that the court is located at 72 Belmont St. in Brockton, MA.

2. Admitted.

3. Admitted. Further answering, the respondent states that the petitioner was sentenced to a state prison term of life without parole for murder and to a concurrent state prison term of 19-20 years for rape.

4. Left blank by the petitioner. Further answering, the respondent states that the petitioner was convicted of first-degree murder and rape.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a). Denied. Further answering, the respondent states that the petitioner appealed to the Massachusetts Supreme Judicial Court.

9(b). Left blank by the petitioner. Further answering, the respondent states that the SJC affirmed the petitioner's conviction, as well as the denial of his motion for a new trial.

9(c). Denied. Further answering, the respondent states that the SJC affirmed the conviction and denial of the motion for a new trial on August 12, 2004. Answering further, the respondent states that the citation is *Commonwealth v. Jewett*, 442 Mass. 356, 813 N.E.2d 452 (2004).

9(d). Admitted. Further answering, the respondent states that the petitioner raised the following five grounds on appeal to the SJC: 1) the government violated the defendant's due process right by arguing at trial that the sperm was deposited just before the victim's death when it allegedly knew it was old; 2) the defendant received ineffective assistance of counsel due to his attorney's failure to investigate or use information allegedly showing that the sperm was old; 3) the defendant was deprived of his constitutional right to a fair grand jury procedure when a police officer misled the grand jury regarding the age of the sperm; 4) a new trial should be awarded because there was a substantial likelihood of a miscarriage of justice based on various factors, including: improper expert opinion of sexual assault; improper admission of prejudicial statements made by the defendant; and the inherent weakness of the jailhouse confession; and 5) the motion judge abused her discretion by denying the motion for a new

|  |  |
|---|---|
|  | trial without a hearing when the motion raised substantial issues supported by a threshold factual showing. |
| 9(e). | Denied. Further answering, the respondent states that, since petitioner's direct appeal was to the SJC, no higher state court existed to provide further review. |
| 9(f). | Admitted. |
| 10. | Denied. Further answering, the respondent states that the petitioner filed a motion for a new trial in the SJC, as noted above. |
| 11(a)(1). | Left blank by petitioner. Further answering, the respondent states that the motion was made in the SJC, which remanded it to the Plymouth Superior Court. |
| 11(a)(2). | Left blank by petitioner. Answering further, the respondent states that the petitioner made a motion for a new trial. |
| 11(a)(3). | Left blank by petitioner. Further answering, the respondent states that the petitioner raised the following grounds: 1) the defense counsel's unreasonable failure to investigate and use available facts deprived the defendant of an otherwise available ground of defense; 2) the prosecutor allowed misleading and deceptive testimony regarding the age of the sperm to be presented to the jury; 3) the prosecutor failed to disclose exculpatory evidence that might have effected the outcome of the trial; 4) the prosecutor's failure to disclose exculpatory evidence violated due process under the 5th and 14th Amendments; 5) the grand jury proceedings were |

materially impaired by a government witness who misrepresented evidence and by a government witness who recanted his testimony after the indictment; and 6) the failure of the government to disclose all promises, rewards, and inducements made to a key trial witness violated the defendant's right to a fair trial.

11(a)(4).   Left blank by petitioner. Answering further, the respondent states that the motion was decided without a hearing.

11(a)(5).   Left blank by petitioner. Further answering, the respondent states that the motion was denied.

11(a)(6).   Left blank by petitioner. Answering further, the respondent states that the motion was denied on September 18, 2003.

11(b).   Left blank by petitioner.

11(c)(1).   Left blank by petitioner. Further answering, the respondent states that the petitioner appealed the motion for a new trial and that this was appeal was consolidated with his direct appeal to the SJC.

11(c)(2).   Left blank by the petitioner.

11(d).   Left blank by the petitioner.

12A.   (Ground one). To the extent that paragraph 12A of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the SJC's elucidation of the facts. Answering further, the respondent states paragraph 12A contains

conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B. (Ground two). To the extent that paragraph 12B of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the SJC's elucidation of the facts. Answering further, the respondent states paragraph 12B contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12C. (Ground three). To the extent that paragraph 12C of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the SJC's elucidation of the facts. Answering further, the respondent states paragraph 12C contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12D. (Ground four). To the extent that paragraph 12D of the petition contains allegations of fact, the respondent states that the state court record speaks

for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the SJC's elucidation of the facts. Answering further, the respondent states paragraph 12D contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

13. To the extent that paragraph 13 of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the SJC's elucidation of the facts. Answering further, the respondent states paragraph 13 contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted. Further answering, the respondent states the information provided in petitioner's paragraph 13 does not correspond to the information requested in paragraph 13 of the form petition for a writ of habeas corpus.

14. Left blank by petitioner.

15(a). Denied. Further answering, respondent states that no preliminary hearing was held.

15(b). Denied. Further answering, respondent states that the petitioner was represented at arraignment and plea only by Marnold Tajrin of Boston.

15(c). Admitted. Further answering, respondent states that Mr. Jubinville's address is 487 Adams Street, Milton, MA 02186.

15(d). Admitted.

15(e). Admitted. Further answering, respondent states that Mr. Jacobson's address is 1331 Main St., Springfield, MA 01103. Answering further, respondent states that the petitioner was originally represented on appeal by Richard L. Goldman of Granby.

15(f). Left blank by the petitioner.

15(g). Left blank by the petitioner.

16. Admitted.

17. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1. Docket entries, *Commonwealth v. Jewett*, PLCR1997-99983.

2. Computerized docket entries, *Commonwealth v. Jewett*, PLCR1997-99983.

3. Defendant-Appellant's Brief on Appeal, *Commonwealth v. Jewett*, No. SJC-08235.

4. Defendant-Appellant's Record Appendix on Appeal, *Commonwealth v. Jewett*, No. SJC-08235.

5.  Commonwealth's Brief and Record Appendix on Appeal, *Commonwealth v. Jewett*, No. SJC-08235.

6.  *Commonwealth v. Jewett*, 442 Mass. 356, 813 N.E.2d 452 (2004).

7.  Docket Sheets, *Commonwealth v. Jewett*, No. SJC-08235.

8.  Trial Transcript, *Commonwealth v. Jewett,* No. PLCR1997-99983 (six volumes).

### First Defense

The petition for a writ of habeas corpus should be dismissed because the petitioner has not exhausted the claims in ¶ 13.

### Second Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

### Third Defense

The petition should be denied because the decision of the state court was not contrary to, or did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Fourth Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

**Fifth Defense**

The petition should be denied because it raises questions of State law that do not allege a violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

**Sixth Defense**

The petitioner's conviction rests on an adequate and independent state law ground.

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

| | |
|---|---|
| Gregory W. Reilly | /s/ Eva M. Badway |
| Legal Intern | Eva M. Badway |
| On the Answer | Assistant Attorney General |
| | Criminal Bureau |
| | One Ashburton Place |
| | Boston, Massachusetts 02108 |
| | (617) 727-2200, ext. 2824 |
| Dated: November 10, 2005 | BBO # 635431 |

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 10, 2005, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon William Jewett, Jr., *pro se*, Old Colony Correctional Center, 1 Administration Road, Bridgewater, MA 02324.

/s/ Eva M. Badway
Eva M. Badway

9