UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| WILLIAM JEWETT, JR. ) | | |
| Petitioner, ) | | |
|  ) | | |
| v. ) | Civil Action No. 05-11849-GAO | |
|  ) | | |
| BERNARD BRADY ) | | |
| Respondent. ) | | |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF THE MOTION TO DISMISS

      This memorandum is submitted in support of the respondent's motion to dismiss this habeas corpus petition filed by William Jewett, Jr. (the "petitioner"). As argued in this memorandum, the petition should be dismissed because it contains exhausted and unexhausted claims.[1] *See Rose v. Lundy*, 455 U.S. 509, 518-519 (1982) and Petition at ¶12-13.

### PRIOR PROCEEDINGS

      The petitioner was indicted on October 6, 1997 by a Plymouth County grand jury on charges of first degree murder and rape. *See* Respondent's Supplemental Answer, [hereinafter cited as "Supp. Ans., Ex.__"] Exhibit 1, Docket Entries, *Commonwealth v. Jewett*, PLCR1997-99983. After a jury trial before Massachusetts Associate Justice Suzanne Delvecchio, the petitioner was convicted of both charges on November 23, 1998. *Id.* On November 24, 1998, the petitioner filed a notice of appeal to the Massachusetts Supreme Judicial Court ("SJC"). *Id.* On May 22, 2003, the petitioner filed a motion for a new trial in the SJC. Supp. Ans., Ex. 7, Docket Sheets, *Commonwealth v. Jewett*, No. SJC-08235. The petitioner raised the following

---

[1] In the event this Court declines to dismiss the petition on the ground set forth in this memorandum, the respondent reserves the right, and requests the opportunity, to brief the merits of the remaining claim or claims in this petition.

claims in his motion for a new trial: 1) the defense counsel's unreasonable failure to investigate and use available facts deprived the defendant of an otherwise available ground of defense; 2) the prosecutor allowed misleading and deceptive testimony to be presented to the jury regarding the age of the sperm; 3) the prosecutor failed to disclose exculpatory evidence that might have affected the outcome of the trial; 4) the prosecutor's failure to disclose exculpatory evidence violated due process under the 5th and 14th Amendments; 5) the grand jury proceedings were materially impaired by a government witness who misrepresented evidence and by a government witness who recanted his testimony after the indictment; and 6) the failure of the government to disclose all promises, rewards, and inducements made to a key trial witness violated the defendant's right to a fair trial. *See* Supp. Ans., Ex. 4, Defendant-Appellant's Record Index on Appeal, *Commonwealth v. Jewett*, No. SJC-08235. The SJC stayed the appellate proceedings on the day the motion for a new trial was filed, remanding the case to Plymouth Superior Court to decide the defendant's motion and consolidating the appeal, if any, with the direct appeal. *See* Supp. Ans., Ex. 1 and Ex. 7. On September 18, 2003, Massachusetts Superior Court Associate Justice Linda Giles denied the motion for a new trial. *See* Supp. Ans., Ex. 1. The petitioner, on October 6, 2003, filed a notice of appeal from the denial of the motion for a new trial. *Id.* On October 27, 2003, all correspondences regarding the motion for a new trial were sent to the SJC to be consolidated with the direct appeal. *Id.*

In his consolidated appeal to the SJC, the petitioner raised the following claims: 1) the defendant's right to due process was violated when the government argued at trial that the sperm was deposited just before the victim's death when it allegedly had reports showing that it was old at the time of her death; 2) the defendant received ineffective assistance of counsel due to his

attorney's failure to investigate or use information allegedly showing that the sperm was old; 3) the defendant was deprived of his constitutional right to a fair grand jury procedure when a police officer misled the grand jury by allegedly falsely testifying regarding the age of the sperm; 4) a new trial should be awarded because there was a substantial likelihood of a miscarriage of justice based on various factors, including: improper expert opinion of sexual assault; improper admission of prejudicial statements made by the defendant; and the inherent weakness of the jailhouse confession; and 5) the motion judge abused her discretion by denying the motion for a new trial without a hearing when the motion raised substantial issues supported by a threshold factual showing.  *See* Supp. Ans., Ex. 3, Defendant-Appellant's Brief on Appeal, *Commonwealth v. Jewett*, No. SJC-08235.  On August 12, 2004, the SJC affirmed both the petitioner's conviction and the order denying the motion for a new trial.  *See* Supp. Ans., Ex. 6, *Commonwealth v. Jewett,* 442 Mass. 356, 813 N.E.2d 452 (2004).

On September 6, 2005, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent now files this memorandum in support of his motion to dismiss.

### ARGUMENT

**THE HABEAS CORPUS PETITION SHOULD BE DISMISSED WHERE THE PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES.**

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted."  *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925).  *See Rose v. Lundy*, 455 U.S. 509,

518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. §2254(b)(1)(A). Congress codified the exhaustion doctrine in 28 U.S.C. §2254(b), which precludes federal court review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). This longstanding exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose v. Lundy*, 455 U.S. at 518. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984).

To satisfy the exhaustion requirement, the petitioner bears the heavy burden of showing that he "fairly presented the substance of his federal habeas claims to the state court before seeking federal review." *Adelson v. DiPaola*, 131 F.3d at 262 (citations omitted); *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), *citing Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*). The Supreme Court enunciated that "state prisoners must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Comity, in these circumstances, dictates that [the petitioner] use the State's established appellate review procedures before he presents his claims to [this] federal court." *O'Sullivan v. Boerckel*, 526 U.S. at 845.

In this habeas petition, the petitioner raises the following claims: 1) the prosecution violated his due process rights by presenting evidence it knew to be false; 2) the failure of his

4

trial lawyer to investigate or utilize exculpatory evidence constituted ineffective assistance of counsel; 3) the police misled the grand jury by testifying falsely; 4) there was a miscarriage of justice caused by various factors, including the improper admission of expert opinion on sexual assault; 5) the failure to raise the issue of alleged jury misconduct constituted ineffective assistance of appellate counsel; and 6) the failure to raise the issue that the trial counsel's lack of objection to the admission of expert opinion on sexual assault was ineffective assistance of trial counsel constituted ineffective assistance of appellate counsel. *See* Petition at ¶12-13. However, the petitioner has failed to exhaust his available state remedies with respect to the fifth and sixth claims raised in his petition for habeas corpus. *See* Petition at ¶ 13 and Supp. Ans., Ex. 3. As set forth above, in his appeal to the SJC, the petitioner presented the following claims: 1) the defendant's right to due process was violated when the government allegedly presented false testimony regarding the age of the sperm; 2) the defendant received ineffective assistance of counsel due to his attorney's failure to investigate or use information allegedly showing that the sperm was old; 3) the defendant was deprived of his constitutional right to a fair grand jury procedure by a police officer's alleged false testimony regarding the age of the sperm; 4) a new trial should be awarded because there was a substantial likelihood of a miscarriage of justice based on various factors, including: improper expert opinion of sexual assault; improper admission of prejudicial statements made by the defendant; and the inherent weakness of the jailhouse confession; and 5) the motion judge abused her discretion by denying the motion for a new trial without a hearing. *See* Supp. Ans., Ex. 3. Thus, the petitioner did not present his two ineffective assistance of appellate counsel claims in the state court. *Id.*

Since the petitioner failed to fairly present to the state courts two of the six claims he now raises in his federal habeas petition--the two claims raising ineffective assistance of appellate counsel--this petition should be dismissed as mixed, *i.e.,* as containing both exhausted and unexhausted claims, pursuant to *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). "[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all of the claims asserted in the petition having been exhausted in the state courts." *Martens v. Shannon*, 836 F.2d at 717. "It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to state courts to correct a constitutional violation." *Picard v. Connor*, 404 U. S. 270, 275 (1971), *quoting Darr v. Burford*, 339 U. S. 200, 204 (1950). A petitioner who seeks to bring a claim of ineffective assistance of appellate counsel must first exhaust state remedies by bringing that claim in a motion for a new trial after his direct appeal has been denied. *See Casale v. Fair*, 833 F.2d 386 (1st Cir. 1987). Since the petitioner failed to move for a new trial based on ineffective assistance of appellate counsel after the SJC affirmed his conviction, he did not "give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process" on these two claims. *O'Sullivan v. Boerckel*, 526 U.S. at 845. By seeking habeas relief before he presented his ineffective assistance of appellate counsel claims to the state court in a motion for a new trial, the petitioner "simply jumped the gun in bringing to a federal habeas forum contentions not first screened by the state courts." *Martens v. Shannon*, 836 F.2d at 718 (footnote omitted). As such, the petition should be dismissed as unexhausted. See *Rose v. Lundy*, 455 U. S. at 518-519; *Picard v. Connor*, 404 U. S. at 276.

Where the petitioner has presented this Court with a mixed petition, containing both exhausted and unexhausted claims, it must be dismissed in its entirety, unless the petitioner elects to voluntarily delete the unexhausted claims (the fifth and sixth claims raised) from his petition and proceed solely with the claims that have been properly exhausted. *See Rose v. Lundy*, 455 U.S. at 520-522; 28 U.S.C. § 2254(b)(2). If this Court determines that these claims are not exhausted, under 28 U.S.C. § 2254(b)(2), it may only reach the merits of them to deny the writ. See *Adelson v. DiPaola*, 131 F.3d at 264; *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-1243 (10th Cir. 1997).

## **CONCLUSION**

For the reasons set forth above, the respondent urges this Court to dismiss the habeas corpus petition as unexhausted.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

/s/ Eva M. Badway

Gregory W. Reilly    Eva M. Badway
Legal Intern    Assistant Attorney General
On the Memorandum of Law    Criminal Bureau
    One Ashburton Place
    Boston, Massachusetts 02108
    (617) 727-2200, ext. 2824
Dated: November 10, 2005    BBO # 635431

**CERTIFICATE OF SERVICE**

  I hereby certify that, on November 10, 2005, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon William Jewett, Jr., *pro se*, Old Colony Correctional Center, 1 Administration Road, Bridgewater, MA 02324.

                /s/ Eva M. Badway
                Eva M. Badway