# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **WILLIAM JEWETT, JR.,** | ) | |
| **Petitioner** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-11849-GAO** |
| | ) | |
| **BERNARD BRADY,** | ) | |
| **Respondent** | ) | |
| | ) | |

## MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS AND IN SUPPORT OF PETITIONER'S MOTION TO STAY

Petitioner, William Jewett, Jr., hereby opposes the Motion to Dismiss filed by Respondent, Bernard Brady, and states that this Court should instead allow petitioner's Motion to Stay, filed herewith. Respondent's reliance on *Rose v. Lundy*, 455 U.S. 509 (1982), is misplaced; this issue is properly governed by *Rhines v. Weber*, 544 U.S. 269 (2005), and the proper action to take is to stay this proceeding to allow petitioner to exhaust his unexhausted claims.

## STATE COURT PROCEEDINGS

Petitioner was indicted in Plymouth County on October 6, 1997. *See* Supp. Ans., Ex. 1.[1] He was convicted of rape and first-degree murder on November 23, 1998, after a jury trial. *Id.* He timely filed a notice of appeal to the Massachusetts Supreme Judicial Court ("SJC") on November 24, 1998. *Id.* During the pendency of the appeal, on May 22, 2003, petitioner filed a Motion for New Trial in the SJC, which was referred to the trial court by the SJC. *See* Supp. Ans., Exs. 1, 7.

The Motion for New Trial argued, among other issues, that the prosecution's version of

---

[1] Petitioner adopts the abbreviation for "Respondent's Supplemental Answer, Exhibit __" used in Respondent's Memorandum of Law in Support of the Motion to Dismiss.

events, that petitioner raped and killed the victim herein while taking her home from a party, was disproved by evidence that the sperm found in the victim's panties and vagina was deposited from twenty-four to thirty-six hours prior to the victim's death. *See* Supp. Ans., Ex. 4. Petitioner claimed that 1) the failure of his trial counsel to develop this evidence constituted ineffective assistance of counsel; 2) the Commonwealth's failure to present it to the grand jury violated his right to a grand jury indictment; and 3) the Commonwealth's arguments to the jury that the alleged rape happened immediately prior to death, when its own expert said otherwise, violated petitioner's due process rights. *Id*. The motion judge, who was not the judge who heard the original trial, denied the Motion for New Trial without a hearing. *See* Supp. Ans., Exs. 1, 4.

Petitioner appealed from the denial of the new trial motion, and that appeal was consolidated with the original appeal for hearing before the SJC. *See* Supp. Ans., Exs. 1, 4, 7. Each of the above arguments with regard to the violations of defendant's rights was made to the SJC and addressed by them in their decision. *See* Supp. Ans., Exs. 3, 6. These claims constitute the first three exhausted claims in the petition. The fourth exhausted claim in the petition, that there was a substantial likelihood of miscarriage of justice based on various factors, specifically including: improper expert opinion of sexual assault; lack of a proper jury instruction on accident; improper admission of prejudicial statements made by the defendant; and the inherent weakness of a jailhouse confession, was also argued to and heard by the SJC. *Id*. On August 12, 2004, the SJC affirmed the convictions. *See* Supp. Ans., Ex. 6. On August 23, 2004, petitioner filed a petition for rehearing, which was denied on September 10, 2004. *See* Supp. Ans., Ex. 7.

In early September, 2005, contemporaneously with the filing of this petition, petitioner, acting *pro se*, filed with the state court and served on the Plymouth County District Attorney's Office a second Motion for New Trial, raising issues of ineffectiveness of appellate counsel. This

2

motion was apparently improperly filed, and was therefore not docketed by the state court.[2]

Petitioner is now refiling this motion in Plymouth Superior Court.

## PROCEEDINGS HEREIN[3]

Petitioner filed his petition for habeas corpus pursuant to 28 U.S.C. § 2254 on September

6, 2005.  The petition set forth the exhausted claims described above, and the unexhausted claims

of ineffective assistance of appellate counsel set forth in the Motion for New Trial he

contemporaneously attempted to file with the SJC.  On November 10, 2005, after an extension of

the time to file, respondent filed his Answer, along with a Motion to Dismiss and Memorandum

in support thereof, alleging that the petition should be dismissed due to containing mixed claims.

On December 12, 2005, petitioner's Motion to Appoint Counsel was allowed.  On January

30, 2006, Attorney Carlos Dominguez was appointed to represent petitioner.  Attorney

Dominguez moved to withdraw two days later, on February 1, 2006, and that motion was allowed

on February 3, 2006.  Current counsel was appointed on March 6, 2006.

On March 27, 2006, the Court scheduled a Scheduling Conference for May 23, 2006.  On

April 10, 2006, the Court, *sua sponte*, converted that Scheduling Conference to a hearing on

defendant's Motion to Dismiss.

## ARGUMENT

The Supreme Court has determined that, as a matter of comity and in the interest of

furthering the purposes underlying the exhaustion doctrine, this Court should not proceed with a

---

[2] A Motion for New Trial in a first degree murder case is filed in the SJC during the pendency of the appeal from the convictions, but after the appeal is resolved, such a motion is properly filed in the Superior Court.  Massachusetts General Laws, Chapter 238, § 33E.

[3] All dates herein are taken from the Court's docket.

3

"mixed" habeas corpus petition, that is, a petition containing both exhausted and unexhausted

claims. *Rose v. Lundy*, 455 U.S. 509, 519-520, 522 (1982). In *Rose*, the Supreme Court found

that the proper response to a mixed petition was its dismissal. *Id.*, at 522. Respondent relies on

*Rose* and its progeny in moving for dismissal herein. *See* Respondent's Motion to Dismiss,

Respondent's Memorandum of Law in Support of the Motion to Dismiss.

      Subsequent to the holding in *Rose*, however, Congress passed the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA), imposing a one-year statute of limitations on

federal habeas corpus petitions. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court re-

examined *Rose* in light of the new statute of limitations. The Court recognized that AEDPA's

statute of limitations posed a grave threat of "the risk of forever losing [petitioner's] opportunity

for any federal review of [his] unexhausted claims." *Id.*, at 275. The Court in *Rhines* found that

the trial court has the authority to issue a stay with regards to the habeas petition, *id.*, at 275-276,

and that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss

a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims

are potentially meritorious, and there is no indication that the petitioner engaged in intentionally

dilatory litigation tactics." *Id.*, at 278. Each of those criteria are met herein, and the stay should

issue.

      The Court did *not* hold that any of these criteria was *required* for the issuance of a stay, if

the trial court chose to exercise its discretion to do so in the absence of one of these criteria. The

"good cause" criterion is "not intended to impose the sort of strict and inflexible requirement that

would 'trap the unwary *pro se* prisoner.'" *Id.*, at 279 (Stevens, J., concurring, joined by Ginsburg,

J., and Breyer, J.). Justice Souter concurred in the judgment, but would have avoided the use of

the phrase "good cause" and simply looked to whether the petitioner used "intentionally dilatory

litigation tactics." *Id.*, at 279 (Souter, J., concurring in part and concurring in the judgment, joined by Ginsburg, J., and Breyer, J.).  The First Circuit has not addressed *Rhines* directly or addressed which if any of these criteria are critical to the issuance of a stay.  However, it noted in one pre-*Rhines* cases that a stay "will be the preferable course in many cases involving 'mixed' petitions - and it may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack."  *Neverson v. Bissonnette*, 261 F.3d 120, 126 n.3 (1st Cir. 2001).  The First Circuit "especially commend[s] such an approach to the district courts in instances in which the original habeas petition, though unexhausted, is timely filed, but there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely."  *Delany v. Matesanz*, 264 F.3d 7, 14 n.5 (1st Cir. 2001).

Herein, the original petition was timely filed with regards to the exhausted claims.  Petitioner's two unexhausted claims are both based in the ineffective assistance of his appellate counsel.  As such, they could not have been brought as part of petitioner's initial appeal and motion for new trial.  Petitioner, acting *pro se*, attempted to bring these claims before the state court at the same time that he filed his § 2254 petition with this court, and will be correcting his procedural error and bringing them before the state court immediately.  The claims are potentially

meritorious.  This Court should stay the current proceeding and allow petitioner to exhaust his

unexhausted claims in state court.

WILLIAM JEWETT, JR.
By his attorney,

/s/  *John H. Cunha Jr.*

John H. Cunha Jr.
B.B.O. No. 108580
CUNHA & HOLCOMB, P.C.
One State Street, Suite 500
Boston, MA 02109-3507
617-523-4300

Dated: May 5, 2006                                    H:\Word\Crim\Jewett\opposition motion to dismiss.wpd

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served via electronic filing upon AAG Eva M. Badway, Attorney General's Office, One Ashburton Place, Boston, MA 02108-1698.

/s/ *John H. Cunha Jr.*
John H. Cunha Jr.

6