UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM JEWETT, JR.<br>    Petitioner, | )<br>)<br>)<br>) |  |
| v. | ) | Civil Action No. 05-11849-GAO |
| BERNARD BRADY<br>    Respondent. | )<br>)<br>)<br>) |  |

**RESPONDENT'S OPPOSITION TO THE MOTION TO STAY**

The respondent, by and through his counsel, respectfully submits this opposition to the petitioner's motion to stay these proceedings pending adjudication of his second motion for new trial in state court.

**PRIOR PROCEEDINGS**

A. **Massachusetts State Court Proceedings**

The petitioner was indicted on October 6, 1997 by a Plymouth County grand jury on charges of first degree murder and rape. *See* Respondent's Supplemental Answer, [hereinafter cited as "Supp. Ans., Ex.__"] Exhibit 1, Docket Entries, *Commonwealth v. Jewett*, PLCR1997-99983. After a jury trial before Massachusetts Associate Justice Suzanne Delvecchio, the petitioner was convicted of both charges on November 23, 1998. *Id.* On November 24, 1998, the petitioner filed a notice of appeal to the Massachusetts Supreme Judicial Court ("SJC"). *Id.* On May 22, 2003, the petitioner filed a motion for a new trial in the SJC. Supp. Ans., Ex. 7, Docket Sheets, *Commonwealth v. Jewett*, No. SJC-08235. The petitioner raised the following claims in his motion for a new trial: 1) the defense counsel's unreasonable failure to investigate

1

and use available facts deprived the defendant of an otherwise available ground of defense; 2) the prosecutor allowed misleading and deceptive testimony to be presented to the jury regarding the age of the sperm; 3) the prosecutor failed to disclose exculpatory evidence that might have affected the outcome of the trial; 4) the prosecutor's failure to disclose exculpatory evidence violated due process under the 5th and 14th Amendments; 5) the grand jury proceedings were materially impaired by a government witness who misrepresented evidence and by a government witness who recanted his testimony after the indictment; and 6) the failure of the government to disclose all promises, rewards, and inducements made to a key trial witness violated the defendant's right to a fair trial.  *See* Supp. Ans., Ex. 4, Defendant-Appellant's Record Index on Appeal, *Commonwealth v. Jewett*, No. SJC-08235.  The SJC stayed the appellate proceedings on the day the motion for a new trial was filed, remanding the case to Plymouth Superior Court to decide the defendant's motion and consolidating the appeal, if any, with the direct appeal.  *See* Supp. Ans., Ex. 1 and Ex. 7.  On September 18, 2003, Massachusetts Superior Court Associate Justice Linda Giles denied the motion for a new trial.  *See* Supp. Ans., Ex. 1.  The petitioner, on October 6, 2003, filed a notice of appeal from the denial of the motion for a new trial.  *Id.*  On October 27, 2003, all correspondences regarding the motion for a new trial were sent to the SJC to be consolidated with the direct appeal.  *Id.*

In his consolidated appeal to the SJC, the petitioner raised the following claims: 1) the defendant's right to due process was violated when the government argued at trial that the sperm was deposited just before the victim's death when it allegedly had reports showing that it was old at the time of her death; 2) the defendant received ineffective assistance of counsel due to his attorney's failure to investigate or use information allegedly showing that the sperm was old;

2

3) the defendant was deprived of his constitutional right to a fair grand jury procedure when a police officer misled the grand jury by allegedly falsely testifying regarding the age of the sperm; 4) a new trial should be awarded because there was a substantial likelihood of a miscarriage of justice based on various factors, including: improper expert opinion of sexual assault; improper admission of prejudicial statements made by the defendant; and the inherent weakness of the jailhouse confession; and 5) the motion judge abused her discretion by denying the motion for a new trial without a hearing when the motion raised substantial issues supported by a threshold factual showing. *See* Supp. Ans., Ex. 3, Defendant-Appellant's Brief on Appeal, *Commonwealth v. Jewett*, No. SJC-08235. On August 12, 2004, the SJC affirmed both the petitioner's conviction and the order denying the motion for a new trial. *See* Supp. Ans., Ex. 6, *Commonwealth v. Jewett,* 442 Mass. 356, 813 N.E.2d 452 (2004).

    **B.**    **Federal Habeas Proceedings**.

On September 6, 2005, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to appoint counsel. *See* Docket # 2-3. On November 10, 2005, the respondent filed an answer, a supplemental answer, and a motion to dismiss based upon exhaustion, along with a memorandum in support thereof. *Id.* # 7-11. On December 12, 2005, this Court allowed the petitioner's motion to appoint counsel and referred the matter to United States Magistrate Judge Leo T. Sorokin. *Id.* at #12. On January 30, 2006, this Court (Sorokin, U.S.M.J.) appointed an attorney for the petitioner. *Id.* at # 13. On February 1, 2006, the appointed attorney filed a motion to withdraw that was granted by this Court on February 3, 2006. *See* Docket. On March 6, 2006, this Court appointed current counsel *Id*.

On March 27, 2006, this Court ordered a scheduling conference for May 23, 2006. *Id.* On April 10, 2006, this Court converted the scheduling conference to a hearing on respondent's motion to dismiss. *Id.* On May 5, 2006, the petitioner filed a motion for a stay that the respondent hereby opposes.

## ARGUMENT

### THE PETITIONER'S MOTION TO STAY SHOULD BE DENIED.

The petitioner has requested a stay of these proceedings. *See* Petitioner's Memorandum at p. 1*; see also Neverson v. Bissonnette*, 261 F. 3d 120, 126 n.3 (1st Cir. 2001) (suggesting that this may be a viable option where petitioner's meritorious habeas claims would otherwise be time-barred). However the Supreme Court has held, "federal district courts must dismiss mixed habeas petitions." *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 2445 (2004). In *Pliler*, the Supreme Court held that federal courts are not required to advise habeas petitioners who file mixed petitions as to the consequences under 28 U.S.C. § 2244(d)(1) of a dismissal of a mixed petition to allow for the exhaustion of unexhausted claims. *Id*. at 2445-2447. In fact, the Supreme Court held that "*Rose* requires dismissal of a mixed petitions, which, as a practical matter, means a prisoner must follow one of the two paths outlined in *Rose* if he wants to proceed with his federal habeas petition." *Id*. at 2447.

As explained in the memorandum in support of the respondent's motion to dismiss, where the petitioner has presented this Court with a mixed petition, containing both exhausted and unexhausted claims, he must decide whether to (1) dismiss the unexhausted claims and proceed with exhausted claims or (2) dismiss the petition without prejudice and file a petition for habeas corpus in the future following exhaustion of his state court remedies relative to all of his

4

habeas claims. *See Rose v. Lundy*, 455 U.S. at 520-522; 28 U.S.C. § 2254(b)(2).

While a stay and abeyance is available in limited circumstances, a petitioner must demonstrate good cause to excuse his failure to exhaust his claims, the claims presented must not be without merit, and there is no indication that the petitioner engaged in intentionally dilatory practices. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Staying a federal habeas petition frustrates the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. *Id.* "It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* Furthermore, in *Mayle v. Felix*, 125 S. Ct. 2562 (2005), the Supreme Court held that, under Federal Rule of Civil Procedure 15, new and otherwise **time-barred** claims presented in a request to amend the petition will relate back to the filing of initial federal habeas corpus petition, "so long as the original and amended petitions state claims that are tied to common core of operative facts." *Id.*, at 2574 (emphasis added).

In the instant case, the petitioner concedes that his unexhausted claims of ineffective assistance of appellate counsel could not have been brought as part of his initial appeal and motion for a new trial. *See* Petitioner's Memorandum at p. 5. The petitioner also explains that in early September, 2005, contemporaneously with the filing of this petition, acting *pro se*, he *improperly* filed a motion for new trial that was not docketed. *Id.* at pp. 2-3 (emphasis added). ( 2002). In addition, where the SJC issued its decision affirming the petitioner's conviction and the order denying the motion for new trial in August of 2004, s*ee* Supp. Ans., Ex. 6, *Commonwealth v. Jewett,* 442 Mass. 356, 813 N.E.2d 452 (2004), the one year limitation period

provided by § 2244 (d)(1) appears to have expired in November of 2005. Although this case was filed within the limitation period, the petitioner's ineffective assistance of appellate counsel claims would be untimely unless he is able to demonstrate tolling of the limitation period or relation back to the original filing date would be appropriate here. *See* § 2244 (d)(1); *Mayle v. Felix*, 125 S. Ct. at 2574.

The petitioner has presented this Court with a mixed petition, containing both exhausted and unexhausted claims, and has not presented this Court with good cause to excuse his failure to exhaust his ineffective assistance of appellate counsel claims. Thus, he has not satisfied his burden under *Rhines* to warrant a stay. A motion for a stay should be denied.

## CONCLUSION

For the reasons set forth above, the motion for a stay should be denied.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
Dated: May 18, 2006                BBO # 635431

**<u>Certificate of Service</u>**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 18, 2006.

                                        <u>/s/ Eva M. Badway</u>
                                        Eva M. Badway