UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM JEWETT, JR. | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-11849-GAO |
| | ) | |
| BERNARD BRADY | ) | |
| Respondent. | ) | |

RESPONDENT'S OPPOSITION TO
PETITIONER'S MOTION TO CONDUCT DISCOVERY

Now comes the respondent in the above-entitled habeas corpus action and hereby opposes the petitioner's motion requesting this Court to permit him to conduct discovery. As grounds therefor, the respondent states that the petitioner has failed to establish "good cause" for this Court to exercise its discretion to order discovery. *See* Rule 6(a) of the Rules Governing § 2254 cases.

PRIOR PROCEEDINGS

A.   **The State Court Proceedings.**

The petitioner was indicted by a Plymouth County grand jury on charges of first degree murder and rape. *See* Respondent's Supplemental Answer, [hereinafter cited as "Supp. Ans., Ex.__"] Exhibit 1, Docket Entries, *Commonwealth v. Jewett*, PLCR1997-99983. After a jury trial before Massachusetts Associate Justice Suzanne Delvecchio, the petitioner was convicted of both charges. *Id.* The petitioner timely filed a notice of appeal to the Massachusetts Supreme Judicial Court ("SJC"). *Id.* On May 22, 2003, the petitioner filed a motion for a new trial in the SJC. *See* Supp. Ans., Ex. 7, Docket Sheets, *Commonwealth v. Jewett*, No. SJC-08235.

The petitioner raised the following claims in his motion for a new trial: 1) the defense counsel's unreasonable failure to investigate and use available facts deprived him

of an otherwise available ground of defense; 2) the prosecutor allowed misleading and deceptive testimony to be presented to the jury regarding the age of the sperm; 3) the prosecutor failed to disclose exculpatory evidence that might have affected the outcome of the trial; 4) the prosecutor's failure to disclose exculpatory evidence violated due process under the 5th and 14th Amendments; 5) the grand jury proceedings were materially impaired by a government witness who misrepresented evidence and by a government witness who recanted his testimony after the indictment; and 6) the failure of the government to disclose all promises, rewards, and inducements made to a key trial witness violated the petitioner's right to a fair trial. *See* Supp. Ans., Ex. 4, Defendant-Appellant's Record Index on Appeal, *Commonwealth v. Jewett*, No. SJC-08235. The SJC stayed the appellate proceedings on the day the motion for a new trial was filed, remanding the case to Plymouth Superior Court to decide the petitioner's motion and consolidating the appeal, if any, with the direct appeal. *See* Supp. Ans., Ex. 1 and Ex. 7. On September 18, 2003, Massachusetts Superior Court Associate Justice Linda Giles denied the motion for a new trial. *See* Supp. Ans., Ex. 1. The petitioner filed a notice of appeal from the denial of the motion for a new trial. *Id.* All correspondence related to the motion for a new trial was sent to the SJC to be consolidated with the direct appeal. *Id.*

In his consolidated appeal to the SJC, the petitioner raised the following claims: 1) his right to due process was violated when the government argued at trial that the sperm was deposited just before the victim's death when it allegedly had reports showing that it was old at the time of her death; 2) he received ineffective assistance of counsel due to his attorney's failure to investigate or use information allegedly showing that the sperm was old; 3) he was deprived of his constitutional right to a fair grand jury procedure when a police officer misled the grand jury by allegedly falsely testifying regarding the age of the sperm; 4) a new trial should be awarded because there was a substantial likelihood of a

miscarriage of justice based on various factors, including: improper expert opinion of sexual assault; improper admission of prejudicial statements made by the [petitioner]; and the inherent weakness of the jailhouse confession; and 5) the motion judge abused her discretion by denying the motion for a new trial without a hearing when the motion raised substantial issues supported by a threshold factual showing.  *See* Supp. Ans., Ex. 3, Defendant-Appellant's Brief on Appeal, *Commonwealth v. Jewett*, No. SJC-08235.  The SJC affirmed both the petitioner's convictions and the order denying the motion for a new trial.  *See* Supp. Ans., Ex. 6, *Commonwealth v. Jewett,* 442 Mass. 356, 813 N.E.2d 452 (2004).

The petitioner also filed a request for rehearing on the issue of the expert opinion of the sexual assault and ineffective assistance of counsel for failing to object to the expert opinion on the sexual assault.  *See* Supp. Ans. II, Ex. 11.  The petition for rehearing also set forth that because no ineffective assistance of counsel claim was raised on direct review, the failure to raise the issue on appeal may be ineffective assistance of appellate counsel.  *Id*.  The SJC denied the petition for rehearing.  *See* Supp. Ans. II, Ex. 7.

On June 5, 2006, the petitioner filed a second, *pro se* motion for a new trial in Plymouth Superior Court alleging (1) ineffective assistance of appellate counsel; (2) a violation of his Sixth Amendment right to an impartial jury when a particular juror expressed bias; and (3) the trial judge abused her discretion by failing to hold a proper voir dire or dismiss the juror for cause "to purge the taint of the Sixth and Fourteenth Amendment violations."  *See* Supp. Ans. II, Ex. 11 at p.5.  Judge Delvecchio denied the second, *pro se* motion for a new trial.  *See* Supp. Ans. II, Ex. 9.   Pursuant to M.G.L. c. 278, § 33E, the petitioner filed an application for leave to appeal with the single justice of the SJC that was denied.  *See* Supp. Ans. II, Ex.11 and 12.

    **B.**    **The Federal Habeas Proceedings.**

On September 6, 2005, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting the following claims: 1) the prosecution violated his due process rights by presenting evidence it knew to be false; 2) the failure of his trial lawyer to investigate or utilize exculpatory evidence constituted ineffective assistance of counsel; 3) the police misled the grand jury by testifying falsely; 4) there was a miscarriage of justice caused by various factors, including the improper admission of expert opinion on sexual assault; 5) the failure to raise the issue of alleged jury misconduct constituted ineffective assistance of appellate counsel; and 6) the failure to raise the issue that the trial counsel's lack of objection to the admission of expert opinion on sexual assault was ineffective assistance of trial counsel constituted ineffective assistance of appellate counsel. *See* Petition at ¶12-13. The respondent filed a motion to dismiss the petition as unexhausted, along with a memorandum of law in support thereof. *See* Docket at 8 and 9. The petitioner filed a motion to stay that the respondent opposed, but this Court allowed on June 5, 2006. *See* Docket at 17, 18, and 19. This Court also denied the respondent's motion to dismiss. *See* Docket at 1/8/07.

On December 21, 2007, the petitioner filed a memorandum of law in support of his petition for habeas relief. *See* Docket at 25. On January 16, 2008, the respondent filed a memorandum of law in opposition to the petition for a writ of habeas corpus. *See* Docket at 26. On March 24, 2008 the petitioner filed a motion for discovery. See Docket at 28. The respondent now files this opposition to the petitioner's request for discovery.

**ARGUMENT**

**THE PETITIONER IS NOT ENTITLED TO OBTAIN DISCOVERY WHERE HE HAS FAILED TO SATISFY THE REQUIREMENT OF DEMONSTRATING "GOOD CAUSE" FOR DISCOVERY.**

In the habeas corpus forum, unlike the ordinary civil arena, a petitioner is not entitled to discovery as a matter of course. *See Bader v Warden*, 488 F.3d 483, 488 (1st Cir. 2007). Rather, a petitioner is subject to the strict requirements set forth in Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

*See also Bader v Warden*, 488 F.3d at 488.

To establish "good cause" a petitioner must set forth specific allegations that provide a court with reason to believe that the petitioner may, if the facts are developed, be able to show that he is entitled to relief. *See Teti v. Bender,* 507 F.3d 50, 60 (1st Cir. 2007)(citations omitted). Good cause does not exist where the petitioner through his discovery requests seeks to relitigate factual issues that have already been conclusively resolved by the state courts. *Gilday v. Callahan*, 99 F.R.D. 308, 309 (D. Mass. 1983) (refusing to permit deposition of co-defendant who allegedly perjured himself in exchange for lenient sentence "[b]ecause the fact the petitioner seeks to dispute have already been resolved by the state court"); 28 U.S.C.§ 2254(e)(1) (presumption of correctness). Nor does good cause exist where the grounds relied upon in support of the petitioner's discovery request are wholly speculative and conclusory. *See Bracy v. Gramley*, 520 U. S. 899, 908-909 (1997); *Harris v. Nelson,* 394 U. S. 286, 290 (1969); *Murphy v. Johnson*, 205 F. 3d 809, 813-815 (5th Cir.) (denying petitioner's request for discovery to support a

5

*Brady* claim where petitioner's claim based purely upon speculation), *cert. denied*, 531 U.S. 957 (2000).

Good cause within the meaning of Habeas Rule 6(a) does not exist where, as here, the state court has already found facts contrary to the discovery the petitioner seeks and the petitioner has not contradicted those findings with any specific allegations. *See Harris*, 394 U.S. at 300 (to establish "good cause" under Habeas Rule 6(a) the petitioner must come forward with "specific allegations" as to the facts, which if fully developed, would entitle petitioner to relief).

Discovery is not warranted for this petitioner who already presented this claim to the SJC and had the opportunity to challenge the testimony relative to the age of the sperm analyzed by the Commonwealth's experts. *See Commonwealth v. Jewett*, 442 Mass. 356, 360-361, 813 N.E.2d 452, 457-458 (2004). Now, without any additional support whatsoever, he cannot overcome the presumptively correct factual findings of the state court. *See Bracy*, 520 U. S. at 908-909 (finding "good cause" permitting discovery but emphasizing that the petitioner made detailed, specific allegations supported by extensive record evidence). The petitioner provides no support for his request for discovery. The petitioner was obligated, and had ample opportunity, to develop a factual basis for his claims in his state court proceedings, and his failure to do so does not render this Court an appropriate forum for taking discovery. Habeas petitioners seeking discovery must make specific averments, citing record evidence and establishing a *prima facie* case of a constitutional violation requiring habeas relief. *See Bracy*, 520 U. S. at 908-909; *Harris*, 394 U.S. at 290, 300; *Murphy*, 205 F. 3d at 813-815(denying petitioner's request for discovery to support a *Brady* claim where petitioner's claim based purely upon speculation). This the petitioner has not done; instead, he has merely reasserted his claims and now seeks to develop his claims from scratch. Rule 6 prohibits him from doing so.

6

Rule 6 does not permit the petitioner to conduct a "fishing expedition." *See Murphy v. Johnson*, 205 F. 3d at 814 ("Simply put, Rule 6 does not authorize fishing expeditions."). If conclusory allegations in search of supporting facts constituted "good cause" under Rule 6, the full panoply of discovery procedures set forth in the Civil Rules would be available to any habeas petitioner, a result inimical to the plain language of Rule 6 and its historical antecedents. The motion for discovery must therefore be denied.

## CONCLUSION

For the reasons set forth above, this Court should deny the petitioner's motion for discovery.

                                                Respectfully submitted,

                                                MARTHA COAKLEY
                                                Attorney General

                                                /s/Eva M. Badway
                                                Eva M. Badway
                                                Assistant Attorney General
                                                Criminal Bureau
                                                One Ashburton Place
                                                Boston, Massachusetts 02108
                                                (617) 727-2200, ext. 2824
Dated: March 28, 2008                                BBO # 635431

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 28, 2008.

                                                /s/ Eva M. Badway
                                                Eva M. Badway