UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                            )
**WILLIAM JEWETT, JR.**     )
      **Petitioner,**  )
                            )
**v.**                      )  **Civil Action No. 05-11849-GAO**
                            )
**BERNARD BRADY**           )
      **Respondent.**  )
_____)

### RESPONDENT'S OPPOSITION TO
### PETITIONER'S MOTION FOR FURTHER DISCOVERY

      The respondent in the above-entitled habeas corpus action opposes the petitioner's motion for further discovery. As grounds therefor, the respondent states that the petitioner has failed to establish "good cause" for this Court to exercise its discretion to order further discovery. *See* Rule 6(a) of the Rules Governing § 2254 cases.

### PRIOR PROCEEDINGS

      On September 6, 2005, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting the following claims: 1) the prosecution violated his due process rights by presenting evidence it knew to be false; 2) the failure of his trial lawyer to investigate or utilize exculpatory evidence constituted ineffective assistance of counsel; 3) the police misled the grand jury by testifying falsely; 4) there was a miscarriage of justice caused by various factors, including the improper admission of expert opinion on sexual assault; 5) the failure to raise the issue of alleged jury misconduct constituted ineffective assistance of appellate counsel; and 6) the failure to raise the issue that the trial counsel's lack of objection to the admission of expert opinion on sexual assault was ineffective assistance of trial counsel constituted ineffective

assistance of appellate counsel. *See* Petition at ¶12-13. The respondent filed a motion to dismiss the petition as unexhausted, along with a memorandum of law in support thereof. *See* Docket at 8 and 9. The petitioner filed a motion to stay that the respondent opposed, but this Court allowed on June 5, 2006. *See* Docket at 17, 18, and 19. This Court also denied the respondent's motion to dismiss. *See* Docket at 1/8/07. On December 21, 2007, the petitioner filed a memorandum of law in support of his petition for habeas relief. *See* Docket at 25. The respondent filed a memorandum of law in opposition to the petition for a writ of habeas corpus. *See* Docket at 26. The petitioner filed a motion for discovery that this Court allowed on April 2, 2008. *See* Docket at 4/2/08. Petitioner's counsel has deposed Mary McGilvray, defense attorney Robert L. Jubinville, and retired Rockland Detective Richard Craig. On June 25, 2008, petitioner filed a motion for further discovery that respondent hereby opposes.

**ARGUMENT**

**THE PETITIONER IS NOT ENTITLED TO OBTAIN FURTHER DISCOVERY WHERE HE HAS FAILED TO SATISFY THE REQUIREMENT OF DEMONSTRATING "GOOD CAUSE" FOR DISCOVERY.**

As the respondent has previously stated, in the habeas corpus forum, unlike the ordinary civil arena, a petitioner is not entitled to discovery as a matter of course. *See Bader v Warden*, 488 F.3d 483, 488 (1st Cir. 2007). Rather, a petitioner is subject to the strict requirements set forth in Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

*See also Bader v Warden*, 488 F.3d at 488.  To establish "good cause" a petitioner must set forth specific allegations that provide a court with reason to believe that the petitioner may, if the facts are developed, be able to show that he is entitled to relief.  *See Teti v. Bender,* 507 F.3d 50, 60 (1st Cir. 2007)(citations omitted).  He simply has failed to do so.  Nothing the petitioner has cited suggests that further discovery would help establish any claim for relief.  Although Detective Craig's report and notes claim that the victim had sex twenty-four to thirty hours prior to her death, Mary McGilvray specifically denied giving anyone information about the age of the sperm.  *See* June 3, 2008 Deposition of Mary McGilvray at pp. 48, 49,52, and 55-56.  McGilvray further testified at her deposition that she was the only analyst who worked on the case.  *Id.* at 56.  Therefore, any further depositions of additional police officers will not provide any specific evidence about the age of the sperm.  Petitioner claims it is in the interest of justice to allow further discovery, *see* petitioner's memorandum at p.2, without explaining how further developed facts would help show he is entitled to habeas relief.   As the First Circuit has stated, "a habeas proceeding is not a fishing expedition." *See Teti v. Bender*, 507 F.3d at 60, citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001); *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999).

       The petitioner's motion for further discovery fails to satisfy the demanding "good cause" standard, particularly when construed in light of the AEDPA.  The petitioner fails to establish that he may be "entitled to relief" on his claim of ineffective assistance of trial counsel because he cannot make out the "essential elements" of that claim. *Bracy,* 520 U.S. at 904.  As set forth more fully in the respondent's memorandum in opposition to the petition for habeas relief, the petitioner has failed to establish the elements of such

a claim: that defense counsel's performance was constitutionally deficient -- *i.e.*, that counsel did not provide reasonably effective assistance under prevailing professional norms -- *and* prejudicial -- *i.e.*, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 688-89, 693; *see also* Respondent's Memorandum in Opposition to the Petition at pp.12-16. Nothing in the petitioner's motion for further discovery "show[s] reason to believe that the petitioner may," if granted discovery, "be able to demonstrate that he is . . . entitled to relief." *Bracy,* 520 U.S. at 908-909 (citing *Harris,* 394 U.S. at 300).

## CONCLUSION

For the reasons set forth above, this Court should deny the petitioner's motion for further discovery.

Respectfully submitted,

MARTHA COAKLEY
Attorney General
/s/Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: July 9, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 9, 2008.

/s/ Eva M. Badway
Eva M. Badway

4

Case 1:05-cv-11849-GAO   Document 34   Filed 07/09/2008   Page 5 of 5