UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
WILLIAM JEWETT, JR.           )
          Petitioner,         )
                              )
v.                            )   Civil Action No. 05-11849-GAO
                              )
BERNARD BRADY                 )
          Respondent.         )
_____)

## RESPONDENT'S SUPPLEMENTAL BRIEFING

Now comes the respondent, through counsel, in the above-entitled habeas corpus action and hereby states that the discovery obtained during these federal habeas has failed to provide the petitioner with facts relative to the age of the sperm that would establish the elements of his ineffective assistance of counsel claim.

## PRIOR PROCEEDINGS

On September 6, 2005, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting the following claims: 1) the prosecution violated his due process rights by presenting evidence it knew to be false; 2) the failure of his trial lawyer to investigate or utilize exculpatory evidence constituted ineffective assistance of counsel; 3) the police misled the grand jury by testifying falsely; 4) there was a miscarriage of justice caused by various factors, including the improper admission of expert opinion on sexual assault; 5) the failure to raise the issue of alleged jury misconduct constituted ineffective assistance of appellate counsel; and 6) the failure to raise the issue that the trial counsel's lack of objection to the admission of expert opinion on sexual assault was ineffective assistance of trial counsel constituted ineffective assistance of appellate counsel.  *See* Petition at ¶12-13.  The respondent filed a motion to dismiss the petition as unexhausted, along with a memorandum of law in support thereof.  *See* Docket

at 8 and 9. The petitioner filed a motion to stay that the respondent opposed, but this Court allowed on June 5, 2006. *See* Docket at 17, 18, and 19. This Court also denied the respondent's motion to dismiss. *See* Docket at 1/8/07. On December 21, 2007, the petitioner filed a memorandum of law in support of his petition for habeas relief. *See* Docket at 25. The respondent filed a memorandum of law in opposition to the petition for a writ of habeas corpus, which is incorporated herein. *See* Docket at 26. The petitioner filed a motion for discovery that this Court allowed on April 2, 2008. *See* Docket at 4/2/08. Petitioner's counsel has deposed Mary McGilvray, defense attorney Robert L. Jubinville, and retired Rockland Detective Richard Craig. On June 25, 2008, petitioner filed a motion for further discovery that respondent opposed. *See* Docket at 32 and 34. The respondent now files this supplemental briefing.

**THE PETITIONER SIMPLY HAS FAILED TO DEVELOP ANY EVIDENCE RELATIVE TO THE AGE OF THE SPERM TO SUPPORT HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, AS A RESULT HABEAS RELIEF MUST BE DENIED.**

Petitioner cannot dispute that he had ample opportunity in state court to develop the facts he now tried to develop in federal court. In fact, along with the petitioner's motion for a new trial in state court, the statements in the police report and notes were also presented to the Massachusetts state courts, and the SJC, rejected the petitioner's ineffective assistance of counsel claim, finding that the statements were not dispositive. *See* Supp. Ans., *Commonwealth v. Jewett*, 442 Mass. 356, 363, 813 N.E.2d 452, 459 (2004). [1] In fact, the SJC reasonably concluded that "given the implausibility of

---

[1] The SJC clearly set forth the contents of the typewritten police report prepared by Rockland Detective Richard Craig as follows: "Last night, Trp. Berna had advised me that he'd learned from the State Police Laboratory that while the post mortem did not reveal that [the victim had] been raped, it did reveal that [she] had sex approximately 36 hours or so before death, because there were small amounts of sperm deep inside her vagina. The lab also confirmed small deposits of 'old' sperm on her panties, which indicated she had changed her panties some time after her sexual encounter. The lack of sperm, etc., on her

2

petitioner's new theory of evidence on appeal, this is not a case where 'better work might have accomplished something material for the defense.'" *Id.* The petitioner already had an opportunity to develop facts to demonstrate his claim of ineffective assistance of counsel for failing to recognize the importance of the age of the sperm and failed to do so. Furthermore, in her deposition taken during these habeas proceedings, Mary McGilvray, the chemist employed by the Commonwealth, specifically denied giving anyone information about the age of the sperm. *See* June 3, 2008 Deposition of Mary McGilvray at pp.48, 49, 52 and 55-56. Therefore, even with the discovery obtained during these federal habeas proceedings, the petitioner simply has failed to develop facts relative to the age of the sperm that would establish the elements of his ineffective assistance of counsel claim.

---

body would be consistent with her having showered, as had been reported to us earlier." *See* Supp. Ans., *Commonwealth v. Jewett*, 442 Mass. at 361, 813 N.E.2d at 458. Furthermore, in footnote three, the SJC provided the contents of the two handwritten notes as follows, "The first note states in relevant part "10:34 A.M. Mary Lumley [McGilvrey's maiden name]--old semen--(nite before, i.e., may have had sex Th--or Fri afternoon) Curtis:?"  The second note states in relevant part: "Off. Mike Milligan--WPD. 59 Swan Ave. Fm Chemist Mary Lumley--sexual contact w/victim was approx. 24-30 HRS. prior to death (NOT LESS than 24 hrs.)   Blood typing of the semen sample is NOT possible due to size and lack of certain chemical properties--to attempt such a test would result in destruction of the sample.  It is however, DNA viable should we want to do that." *Id.*

3

## CONCLUSION

For the reasons set forth above, this Court should deny any request for further discovery and the petition for a writ of habeas corpus on the merits for the reasons set forth in respondent's memorandum of law in opposition to the petition.

Respectfully submitted

MARTHA COAKLEY
Attorney General

/s/Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: August 6, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 6, 2008.

/s/ Eva M. Badway
Eva M. Badway

Case 1:05-cv-11849-GAO    Document 36    Filed 08/06/2008    Page 5 of 5